HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF NASATKA BARRIER INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY, EVEREST REINSURANCE COMPANY, INSIGHT ENVIRONMENTAL, ENGINEERING & CONSTRUCTION, INC., and CESIGHT JOINT VENTURE,<br><br>Defendants. | CASE NO. C16-5142 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER |

THIS MATTER is before the Court on Defendant's Motion to Transfer the case to the Central District of California [Dkt. #40]. This Miller Act case arises from a construction project at Joint Base Lewis McChord involving numerous contractors. Plaintiff Nasatka Barrier Incorporated is a sub-subcontractor hired to provide vehicle barrier and chain link fencing services. Its sub-subcontract with Defendant Insight Environmental, Engineering & Construction, Inc., another sub-contractor, included a forum-selection clause relegating all

disputes between them to "the appropriate court" in Orange County, California. When a dispute arose over non-payment for completed work, Nasatka sued in this Court, where the contract was performed.

Insight asks this Court to transfer the case to the Central District of California under 28 U.S.C. § 1404(a).[1] It argues that transfer is mandatory under the bargained-for forum-selection clause, which supersedes the Miller Act's venue provision. The relevant *forum non conveniens* analysis also weighs in favor of transfer.

Nasatka contends venue is proper in this Court under the Miller Act and not under the forum-selection clause of the sub-subcontract. It argues Insight has neither proven that the other Defendants are amenable to jurisdiction in the Central District of California, nor that the forum-selection clause's language binds the parties to that Court. Nasatka also argues Insight waived any argument that venue is improper by withdrawing its original motion contesting venue and by filing a counterclaim and third-party complaint.

## I. BACKGROUND

The heavily-negotiated sub-subcontract between Insight and Nasatka contains a forum-selection clause. The parties agreed that the sub-subcontract would be governed by California law and disputes would be brought in Orange County, California:

> **Section 23.2  Governing Law.** The Subcontract shall be governed by and construed in accordance with the laws of the State of California, unless otherwise agreed to in writing by and between the CONTRACTOR and OWNER in the Prime Contract, or unless prohibited by the laws of the state wherein the Work is performed.
>
> **Section 23.3.  Venue/Jurisdiction.**  This Subcontract shall be deemed made and to be performed in the Pierce County, Washington.

---

[1] Codefendants CeSight Joint Venture, International Fidelity Insurance Company, and Everest Reinsurance Company join the motion to transfer [Dkt #40].

> SUBCONTRACTOR hereby expressly agrees that any civil action or arbitration regarding the interpretation, breach and/or enforcement of this Subcontract, in whole or part, shall be filed in the appropriate court in Orange County, California.

Insight began making progress payments to Nasatka as work was performed, but in early 2014, it stopped. Nasatka claims that $433,737.15 of the sub-subcontract remains unpaid, plus interest and late payment penalties.

## I. DISCUSSION

**A. An Enforceable Contract Trumps the Miller Act.**

Insight argues that although a venue provision exists under the Miller Act, it does not confer jurisdiction on any particular court. Venue agreed upon by contracting parties may supersede the Miller Act's venue provision. Nasatka argues the Miller Act controls.

The Miller Act provides that "[a] civil action brought under this subsection must be brought . . . (B) in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C.A. § 3133(b)(3)(B). It grants federal courts exclusive jurisdiction. *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 645 (7th Cir. 1987), *cert. denied*, 484 U.S. 1026 (1988)(citing *U.S. Fidelity & Guaranty Co. v. Hendry Corp.*, 391 F.2d 13, 18 (5th Cir. 1968), *cert. denied*, 393 U.S. 978 (1968)). However, multiple U.S. Courts of Appeals have held that contracting parties can agree to alter the forum-selection provision. The Fifth Circuit Court of Appeals has held the Miller Act venue provision exists for the convenience of the parties and it is subject to variation by their agreement. *See In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979) (holding a contract can supersede a venue provision.). *See also F.D. Rich Co. v. U.S. for the Use of Indus. Lumber Co.*, 417 U.S. 116 (1974)). As long as a valid

forum-selection clause preserves federal jurisdiction over the Miller Act claim, the clause is permissible.

The sub-subcontract's forum-selection clause preserves federal jurisdiction. The clause's terminology "appropriate court" does not confer jurisdiction to a designated state court. Instead, it allows for either party to file in the court necessary to resolve the dispute at issue. In this case, the language allows for a claim to be filed in federal court. Because the language preserves federal jurisdiction over the Miller Act claim, it is permissible. The forum-selection clause supersedes the Miller Act and therefore, the case is not restricted to the district where the contract was performed.

**B.     The Sub-Subcontract's Forum-Selection Clause is Enforceable.**

Insight argues that transfer to the Central District of California is mandatory because the parties agreed that disputes arising between them would be resolved in Orange County. Insight urges the Court to apply the modified *forum non conveniens* analysis established by the Supreme Court in *Atlantic Marine Const. Co. v. U.S. District Court*. Nasatka argues that the traditional *forum non conveniens* factors weigh against transfer.

The Supreme Court has held that the proper method to enforce a forum-selection clause is by a motion to transfer under 28 U.S.C. § 1404(a). *See Atlantic Marine Const. Co. v. U.S. District Court*, 134 S.Ct. 568, 580, 187 L.Ed2d 487 (2013). When a defendant files a § 1404(a) motion to transfer based upon a forum-selection clause, the clause should be "given controlling weight in all but the most exceptional cases." *Id.* at 579 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L.Ed.2d 22). The clause requires the district court to modify the usual § 1404(a) analysis in three ways. *Id.* at 581. First, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is

unwarranted." *Id.* Second, a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules[.]" *Id.*

### i. Nasatka Fails to Argue that Transfer to the Forum is Unwarranted

Nasatka ignores the *Atlantic Marine* factors while arguing Insight bears the burden of proving that the case can be brought in the Central District of California.[2] It argues Insight fails to show that the other defendants, who had no role in negotiating the sub-subcontract at issue, are amenable to jurisdiction in that district.

Under *Atlantic Marine*, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atlantic Marine*, 134 S.Ct. at 581. Nasatka fails to establish that transfer to another district is unwarranted. Defendants Insight, Cesight, International Fidelity and Everest concede that the Central District of California has personal jurisdiction and subject matter jurisdiction under 28 U.S.C. § 1331 and § 1332, and 40 U.S.C. § 3131(b)(1). Therefore, Nasatka's argument fails and it does not demonstrate that transfer to the Central District of California is unwarranted.

### ii. Private and Public Interest Factors Weigh in Favor of Transfer

Insight argues the private interest factors weigh in favor of the preselected forum under *Atlantic Marine*, and the public interest factors do not defeat the motion. Nasatka argues that private and public interest factors under the traditional *forum non conveniens* analysis weigh against transfer.

---

[2] For example, Nasatka repeatedly asked the Court to determine whether the terminology of the forum-selection clause was "mandatory" or "permissive" in weighing traditional *forum non conveniens* factors. However, under *Atlantic Marine*, this determination does not apply.

Under *Atlantic Marine*, a court must deem the private-interest factors to weigh in favor of the preselected forum. *Atlantic Marine*, 134 S.Ct. at 582. Therefore, a district court may consider arguments about public interest factors only. *Id.* However, "those factors will rarely defeat a transfer motion . . . [and] forum-selection clauses should control except in unusual cases." *Id.* Public interest factors include administrative difficulties flowing from court congestion, imposition of jury duty on the people of a community unrelated to the litigation, the local interest in resolving the controversy at home, the interest in having a diversity case tried in a forum familiar with the law that governs the action and avoidance of unnecessary conflicts of law problems. *See Hosick v. Catalyst IT Services, Inc.*, 2015 Wage & Hour Cas. 2d (BNA) 365709 (D. Or. 2015, citing *Gemeni Capital Grp., Inc. v Yap Fishing Corp.*, 150 F.3d 1088 (9th Cir. 1988)).

Nasatka fails to demonstrate that public interest factors disfavor transfer to the preselected forum. While there may be a local interest in resolving the controversy where it occurred, Nasatka does not persuade the Court that it outweighs any other factors. Because the Court must deem the private interest factors to weigh in favor of transfer, and because Nasatka fails to adequately argue public interest factors disfavor transfer, transfer is proper.

### iii. California Law Applies Per the Terms of the Parties' Agreement

The parties agreed California law applies. Under *Atlantic Marine*, "[W]hen a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules[.]"*Atlantic Marine*, 134 S.Ct. at 582. The Supreme Court reasoned that "§ 1404(a) should not create or multiply opportunities for forum shopping." *Id.* at 583. It held, "The court in the contractually selected venue should not apply the law of the transferor venue to which the parties

1 waived their right." *Id.* Therefore, the law of the transferor state—Washington—should not
2 apply in the transferee court, and California law as agreed upon by the parties will apply.
3       Nasatka fails to argue according to the prevailing test outlined by the Supreme Court.
4 Under the *Atlantic Marine* analysis, transfer to the preselected forum is warranted in order to
5 enforce the clause that was bargained for by the parties.

6 **C. Defendant's Venue Argument Has Not Been Waived**

7       Relying on an outdated, out-of-district case, Nasatka argues that Insight waived its venue
8 argument by withdrawing its original motion contesting venue and by filing a counterclaim and
9 third-party complaint. The Defendants argue that by raising improper venue as an affirmative
10 defense in their answers, they preserved this defense.
11       The Ninth Circuit addressed this issue in *Hillis v. Heineman*, 626 F.3d 1014 (9th Cir.
12 2010) when it held, "[T]he assertion of alternative defenses in an answer, or the assertion of
13 claims in a counterclaim or a third party claim, will not waive a defense that has been asserted
14 previously or contemporaneously in an answer."*Id.* at 1019. Because the Defendants asserted
15 improper venue as an affirmative defense in the answer, the argument has not been waived.
16 //
17 //
18 //
19 //
20 //
21 //
22                                 //
23
24

**CONCLUSION**

Transfer to the Central District of California under 28 U.S.C. § 1404 is proper. In deference to the bargained-for expectations of the parties, and considering the relevant factors which weigh in favor of transfer, the motion is GRANTED and this matter is TRANSFERRED to the Central District of California.

IT IS SO OREDERED.

Dated this 11th day of October, 2016.

Ronald B. Leighton
United States District Judge