# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF NASATKA BARRIER, INCORPORATED D/B/A NASATKA SECURITY,<br>    Plaintiff,<br><br>       v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY, et al.,<br>    Defendants. | CV 16-8064-DSF-(AGRx)<br><br>Order re Findings of Fact and Conclusions of Law |

    This case involves a dispute between Plaintiff United States of America for the use and benefit of Nasatka Barrier, Inc., d/b/a Nasatka Security (Nasatka) and Third-Party Defendant North American Specialty Insurance Company and Defendants and cross-claimants International Fidelity Insurance Company, Insight Environmental Engineering & Construction, Inc. (IFIC), Cesight Joint Venture, and Everest Re-Insurance Company (together, Defendants).

    In 2013, the United States of America, acting through the Army Corps of Engineers, entered into a written contract (the Prime Contract) with Cesight for an Access Control Point (ACP) at Joint Base Lewis-McChord in Washington. The Prime Contract was

entered into between the local government agency USACE-Seattle and Cesight. Cesight then subcontracted with Insight to perform certain duties under the Prime Contract. In turn, Insight subcontracted with Nasatka (the Nasatka Contract) to provide labor and materials to complete aspects of the ACP, which included completing the Active (wedge) and Passive (cable) vehicle barriers with full controls and chain link fencing services.

Nasatka brought breach of contract claims and claims under the Miller Act for the following: (1) the unpaid contract balance under the Nasatka Contract, (2) costs associated with work performed beyond the scope of the Nasatka Contract after it completed the cinch-rampart controller, and (3) unpaid service call invoices.[1]

After reviewing the evidence presented at trial and the parties' closing briefs, the Court finds that Plaintiff failed to meet its burden on any of its claims. Regarding its claims for the remaining payment under the Nasatka Contract, Plaintiff did not show it complied with the Nasatka Contract. Instead, the evidence demonstrates that Plaintiff failed to comply with both substantive and procedural requirements under the Nasatka Contract, including the Project's specifications, submittal processes, and required lines of communication. Nasatka also failed to demonstrate that USACE-Omaha had ultimate approval authority over Nasatka's work on the Project, despite the fact that the Prime Contract was entered into by USACE-Seattle. Because Nasatka failed to show it complied with the Nasatka Contract, its breach of contract claim for the unpaid balance under the Nasatka Contract necessarily fails. Likewise, because Nasatka did not

---

[1] In the alternative, Nasatka sought equitable relief under quantum meruit. The Court addresses this issue further below.

perform the work as requested, it cannot seek recovery under the Miller Act.[2]

In addition, Nasatka may not recover for its work to remedy the cinch-rampart controller to align with the Nasatka Contract's specifications. Under the Nasatka Contract, Nasatka was required to bear the costs of such work.

Nasatka also failed to prove that its unpaid service invoices were not warranty-related services required under the Nasatka Contract because the work performed did not meet the Nasatka Contract's project specifications. Nasatka therefore may not recover for such services.

In the alternative, Nasatka sought recovery under a theory of quantum meruit. The theory of "[q]uantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefiting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." In re De Laurentiis Entm't Grp., Inc., 963 F.2d 1269, 1272 (9th Cir. 1992). Nasatka

---

[2] Nasatka's argument that Everest and IFIC are liable under the Miller Act despite Nasatka failing to perform the work requested is unavailing. Nasatka does not provide any binding or relevant authority supporting its contention that a subcontractor may seek payment under the Miller Act from the surety, despite not performing the work it agreed to perform, because the surety posted the bond before the contracting parties entered into the subcontract. Adopting Nasatka's viewpoint would permit a subcontractor to run afoul of contractual obligations and require the surety to pay. This argument goes against the purpose and scope of the Miller Act, an act that is remedial in nature and that ensures subcontractors are properly compensated for labor and materials provided for in conjunction with work requested by a contractor, even if the contractor is not ultimately paid by the federal government. The Miller Act does not permit subcontractors to circumvent contractual obligations and still receive payment.

may not recover under quantum meruit because it failed to prove that any services rendered went beyond the specifications of the Nasatka Contract. Requiring what was contractually agreed to does not give rise to the equitable claim of quantum meruit.

Defendants are ordered to submit proposed findings of fact and conclusions of law (Findings) relating to this judgment (as a Word document) no later than noon on March 21, 2019. Each fact or conclusion should be listed in a numbered paragraph. Generally, there should be only a single fact or conclusion of law contained in each paragraph. Each fact must contain a reference to the trial transcript or an exhibit admitted into evidence. Each conclusion should contain a citation to a statute, case, etc.

No later than April 3, 2019, Nasatka may submit a copy of Defendants' proposed Findings, marked as follows: (a) strike through those portions Nasatka disputes; and
(b) underline those portions Nasatka admits but considers irrelevant.

Nasatka need not make a uniform determination as to an entire proposed finding or conclusion. Nasatka may agree with a portion, dispute another portion, and consider a portion irrelevant. Nasatka may submit objections or alternative findings no later than noon on April 3, 2019. Nasatka need not submit a marked copy of the findings, objections or alternative findings and conclusions, but failure to submit at least one of these will result in the Court concluding that Nasatka agrees with the Findings.

IT IS SO ORDERED.

Date: March 5, 2019

_Dale S. Fischer_
Dale S. Fischer
United States District Judge