# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of NASATKA BARRIER, INCORPORATED d/b/a NASATKA SECURITY,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY, et al.,<br><br>Defendants.<br><br>and RELATED CLAIMS. | Case No. CV 16-8064 DSF (AGRx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO DEFENDANTS' COUNTERCLAIM, THIRD-PARTY COUNTERCLAIM, AND AFFIRMATIVE DEFENSES** |

This action involves a dispute between Plaintiff United States of America, for the use and benefit of Nasatka Barrier, Inc., d/b/a Nasatka Security (Nasatka), and Third-Party Defendant North American Specialty Insurance Company (NAS) on one hand, and Defendants and Cross-claimants International Fidelity Insurance Company, Insight Environmental Engineering & Construction, Inc. (IFIC), Cesight Joint Venture, and Everest Re-Insurance Company (Defendants) on the other hand. The dispute arises from work performed by Nasatka for U.S. Army Corps of Engineers (USACE) contract Number: W912DW-13-C-

0024, Project Name: FY2012 Access Control Point (ACP) Infrastructure Phase I, PN 66206, a federal construction project at Joint Base Lewis-McChord, WA (the Project).[1]  Nasatka filed suit for breach of contract, recovery under the Miller Act, and quantum meruit on February 19, 2016.  Dkt 1. (Compl.)  Defendants asserted a counterclaim against Nasatka for breach of contract, a third-party claim regarding Nasatka's performance bond, and affirmative defenses relating to offset.  Dkts. 34, 36 (Answers).  This action was tried before the Court from October 16, 2018 to October 18, 2018.

Having heard and reviewed the evidence and having considered the parties' post-trial briefs, the Court makes the following findings of fact and conclusions of law.[2]

## FINDINGS OF FACT

1. Nasatka entered into a subcontract with InSight to provide labor and materials to complete Active (wedge) and Passive (cable) Vehicle barriers with full controls and automation and Chain Link fencing (the Nasatka Contract) on the Project for the total amount of $1,121,539.30.  Tr. Ex. 39 (Nasatka Contract).

2. IFIC and Everest, together with CeSight, as principal, furnished a Payment Bond according to 40 U.S.C. § 3131, to ensure prompt payment to subcontractors and suppliers furnishing labor,

---

[1] This fact was stipulated to by the parties.  Dkt. 117-1 at 3.

[2] Any finding of fact deemed to be a conclusion of law is incorporated into the conclusions of law.  Any conclusion of law deemed to be a finding of fact is incorporated into the findings of fact. To the extent that findings of fact or conclusions of law in the concurrently filed Findings of Fact and Conclusions of Law as to Plaintiff's Claims are relevant, they are incorporated into these Findings. Where the Court declined to adopt a fact submitted by a party, the Court found the fact was either unsupported, unnecessary, or irrelevant to its determination.

materials, or both in the prosecution of the work on the Project.[3]  Tr. Ex. 141 (Payment Bond).

3. NAS furnished a Performance Bond to Nasatka for the Project.[4]

4. Section 23.4 of the Nasatka Contract specifically provides for the offset of claims in the event Nasatka owes Insight any amount relating to Nasatka's work on the Project.  Tr. Ex. 39, Bates NASATKA 0004047 (Nasatka Contract).

5. Section 23.8 of the Nasatka Contract provides: "[S]hould any legal court action be required to enforce any part of this Subcontract and/or the Subcontract Documents, or to recover damages for breach thereof, the prevailing party shall be entitled to recover as reimbursement the attorneys' fees and costs of litigation actually incurred in said legal court action.").  Id. at Bates NASATKA 0004048.

6. Defendants did not introduce evidence of damages at trial. See Dkt. 142 (Second Amended Exhibit List identifying exhibits admitted into evidence); Dkt. 158 (Partial Judgment Order); Dkt. 171 (Order Denying Defendants' Motion for Reconsideration).

## CONCLUSIONS OF LAW

**A. Breach of Contract Counterclaim**

7. In order to prevail on a breach of contract claim, the plaintiff must prove: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).  Insight and Cesight therefore had the burden to prove damages to support their breach of contract

---
[3] This fact was stipulated to by the parties.  Dkt. 117-1 at 4.
[4] This fact was stipulated to by the parties.  Dkt. 117-1 at 4.

counterclaim.

8. Cesight and Insight have not proven damages. See Ingenco Holdings, LLC, v. Ace Am. Ins. Co., 921 F.3d 803, 821-22 (9th Cir. 2019) (upholding district court's sanction precluding plaintiff from introducing evidence of damages).

9. This is fatal to the counterclaim. See St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co., 101 Cal. App. 4th 1038, 1060 (2002) ("An essential element of a claim for breach of contract are damages resulting from the breach.") (emphasis omitted).

10. The Court finds in favor of Nasatka and against Cesight and Insight on the breach of contract counterclaim.

**B.  Insight's Third-Party Claim for Recovery on Nasatka's Performance Bond**

11. As surety, NAS is required to indemnify Insight for liability in the event Nasatka breached the Nasatka Contract. See Mai Steel Serv., Inc. v. Blake Const. Co., 981 F.2d 414, 421 (9th Cir. 1992).

12. Insight failed to prove any damages giving rise to liability. Because there are no damages for Insight to recover, Insight's claim for recovery on Nasatka's performance bond necessarily fails.

13. The Court finds in favor of Nasatka and NAS and against InSight on InSight's third-party claim for recovery on Nasatka's performance bond.

**C.  Affirmative Defenses Concerning Offset**

14. An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all the allegations in the complaint are true." Black's Law Dictionary (11th ed. 2019). "The defendant bears the burden of proving an affirmative defense." Id.

15. Defendants bear the burden of proof of proving damages on their affirmative defenses for offset.

16. Defendants failed to introduce any evidence of damages at trial to support a finding of offset.

17. The Court finds in favor of Nasatka and against Defendants on Defendants' affirmative defenses concerning offset. <u>See</u> Dkts. 34 (Eighteenth Affirmative Defense), 36 (Second Affirmative Defense).

## **CONCLUSION**

18. Judgment shall be entered in favor of Nasatka and against Defendants on Defendants' counterclaim and Insight's third-party claim.

IT IS SO ORDERED.

DATED: September 4, 2019

*[signature: Dale S. Fischer]*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE